Martin Mulcahy and Catharine Mulcahy, his Wife, v. The
Electric Traction Company.

*Negligence—Street railways—Infant.*

In an action to recover damages for the death of plaintiffs' son, sixteen
years old, a nonsuit is properly entered where it appears that the accident
was occasioned by the boy suddenly running against the car, or upon the
track immediately in front of the car, before the motorman could stop it.

Argued March 28, 1898.    Appeal, No. 298, Jan. T., 1897, by
plaintiffs, from order of C. P. No. 3, Phila. Co., March T., 1895,
No. 364, refusing to take off nonsuit.    Before GREEN, WIL-
LIAMS, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass to recover damages for the death of plaintiffs' son.
Before FINLETTER, P. J.

At the trial it appeared that on January 13, 1895, plaintiffs'
son, a boy sixteen years old, with several other boys, was run-
ning east on the north side of Bainbridge street, in the city of
Philadelphia.    As they approached Tenth street they saw a car
going south on that street.    Plaintiffs' son checked his speed,
but continued on, and either ran into the front corner of the
car, or on the track immediately in front of the car.    He was
struck and killed.    The second boy struck the side of the car,
but saved himself by throwing up his hands against the side.
The motorman had his hands upon the brake and lever; he was
at the moment looking eastward; the car was stopped in about
four feet.    The trial judge directed a nonsuit, which the court
in banc refused to take off.

*Error assigned* was refusal to take off nonsuit.

*W. Horace Hepburn,* for appellants, cited Shearman and Red-
field on Negligence, sec. 28; Penna. R. R. v. Ogier, 35 Pa. 60;
Lake Shore, etc., Ry. v. Frantz, 127 Pa. 297; Haney v. Trac-
tion Co., 159 Pa. 395; Connor v. Traction Co., 173 Pa. 602.

*Dallas Sanders* and *Thomas Leaming,* for appellee, were not
heard, but cited in their printed brief: Thomas v. Citizens'

Pass. Ry., 132 Pa. 504; Johnson v. Reading City Pass. Ry., 160 Pa. 647; Fleishman v. Neversink Mountain R. R., 174 Pa. 510; Nagle v. Allegheny Valley R. R., 88 Pa. 35; Kehler v. Schwenk, 144 Pa. 348; Buzby v. Philadelphia Traction Co., 126 Pa. 559; Harris v. Commercial Ice Co., 153 Pa. 278; Nugent v. Philadelphia Traction Co., 181 Pa. 160; Blaney v. Electric Traction Co., 39 Atl. Rep. 294; Penna. R. R. v. Ogier, 35 Pa. 60.

PER CURIAM, April 11, 1898:

It was clearly established by the testimony of the plaintiffs that the accident was occasioned by the boy suddenly running against the car, or upon the track immediately in front of the car. He was sixteen years of age, and responsible for his acts. There was no opportunity for the motorman to prevent the collision, and in such circumstances, as we have many times held, there can be no recovery.

Judgment affirmed.